UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID GIBSON,

                Plaintiff,

      v.

MOUNT VERNON MONTEFIORE HOSPITAL EXECUTIVE DIRECTOR; DR. MARIE SAMUELS; DR. GAETAN ZAMILUS; DR. JANICE WOLFRIEDMAN

                Defendants.

No. 22-CV-4213 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

      Plaintiff David Gibson ("Plaintiff"), currently incarcerated at Marcy Correctional Facility ("Marcy CF"), brings this pro se action, pursuant to 42 U.S.C. § 1983 and state law, alleging that while he was incarcerated, Defendants were deliberately indifferent in violation of his Eighth Amendment rights, committed medical malpractice, and were negligent in providing medical care. (*See* Compl. 8 (Dkt. No. 1).)[1] Plaintiff seeks compensatory damages in the amount of $14 million and injunctive relief. (*Id.*) By order dated November 28, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. (*See* Dkt. No. 5.)

      On November 16, 2022, Plaintiff submitted an Application for the Court to Request Pro Bono Counsel. (*See* Plaintiff's Application ("Pl.'s Application") (Dkt. No. 13).) (*Id.*) Plaintiff states that he has sent a request to one pro bono attorney and his family has sent letters to roughly 30 pro bono attorneys; none of these requests has received a response. (*Id.* 2.) For the following reasons, Plaintiff's request is denied without prejudice.

---

[1] The Complaint includes both handwritten pages on the standard prisoner complaint form as well as typed pages. For ease of reference, citations to page numbers in the Complaint refer to the ECF-generated page numbers listed at the top of the document.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York,* 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Plaintiff asserts that on December 17, 2021, he was improperly discharged from Mt. Vernon Montefiore Hospital ("MVMH") after he had attempted suicide by swallowing foreign objects. (Compl. at 2.) According to Plaintiff, Defendant Samuels permitted the discharge without "calling a mental health social worker to make sure [P]laintiff was in his rite [sic] mind set witch[sic] [P]laintiff was not." (*Id.*) The next day, Plaintiff was sent back to the hospital because he again swallowed foreign objects. (*Id*. at 1.) He claims that the MVMH Executive Director "does not and did not enforce policy for patients who are sucidal [sic]." (*Id.*)

Plaintiff further alleges that on December 22, 2021, while he was incarcerated in Fishkill Correctional Facility, Defendants Wolfriedman and Zamilus cleared him from a medical hold in accordance with the New York State Department of Corrections and Community Supervision directives because no foreign objects had been recovered from him after an x-ray had been taken and he had two bowel movements. (*Id.* at 2.) Plaintiff claims that Defendant Zamilus should have ordered a CT scan because he knew "radiolucent objects such as plastic" cannot be seen on an x-ray. (*Id.* at 3.) Plaintiff also asserts that the doctors were deliberately indifferent to his

3

medical needs by refusing to send him to the hospital and allowing him to be transferred to a different facility on December 23, 2021.  (*Id.*)

To begin, Plaintiff's request states that he has personally contacted one attorney, and his family has contacted 30 attorneys; none of these attorneys has responded.  (Pl.'s Application 1–2.)  While the Court appreciates this effort to obtain counsel, this factor alone does not outweigh the additional *Hodge* factors discussed below.  *See Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the fact that he "ha[d] indeed attempted to obtain the assistance of counsel . . . [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies"); *see also Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *1 (S.D.N.Y. Mar. 19, 2013) (finding that the plaintiff's "search was certainly not an exhaustive one").

Regarding the first prong of two-step inquiry outlined in *Hodge*, for the purpose of addressing the request for the appointment of counsel, the Court construes Plaintiff's Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement under *Hodge*.  *Johnston*, 606 F.3d at 41 (internal quotation marks omitted).  As to the second inquiry regarding prudential factors, however, the Court finds that Plaintiff has not demonstrated why he needs counsel.

Thus far, Plaintiff has not provided the Court with information to demonstrate undue difficulty pursuing his case without the assistance of counsel.  Plaintiff's "properly filed submissions have been presented with care and set forth relevant facts . . . adequately and competently," *Boston v. Brown*, No. 10-CV-1494, 2014 WL 726683, at *10 (E.D.N.Y. Feb. 24, 2014), demonstrating his ability to compile material facts and convey his arguments to the Court,

4

*see Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *2 (S.D.N.Y. Apr. 9, 1999) (noting that the plaintiff's amended complaint was "well drafted" and thus "demonstrate[s] . . . that [the] plaintiff is capable of presenting his positions clearly").

Additionally, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena*, 2013 WL 1165554, at *2. Plaintiff's claim is largely based on the retelling of events that happened in his presence, and "do[es] not appear to require outside investigation." *Person v. Ercole*, No. 08-CV-7532, 2009 WL 855758, at *2 (S.D.N.Y. Mar. 26, 2009); *cf. Hendricks v. Coughlin*, 114 F.3d 390, 394 (2d Cir. 1997) (granting a plaintiff's motion for appointment of counsel in part due to plaintiff's incarceration, which "severely limit[ed] his ability to investigate and present the crucial facts in what appear[ed] to be a fact-intensive case"). Plaintiff has "not indicated . . . what additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate his claim[s]." *Guzman*, 1999 WL 199068, at *1. While Plaintiff may need to cross-examine witnesses, should the case proceed to trial, "this factor, alone, is not sufficient to warrant appointing counsel." *Worthy v. City of N.Y. Parks & Recreation*, No. 10-CV-6368, 2011 WL 1044242, at *2 (S.D.N.Y. Feb. 28, 2011).

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (internal quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the reasons stated above, Plaintiff's request for assignment of counsel is denied without prejudice. Plaintiff may renew his request and provide the Court with additional information regarding his changed circumstances. The Clerk is respectfully directed to terminate the pending motion, (*see* Dkt. No. 15), and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: November 29, 2022
      White Plains, New York

                                                                KENNETH M. KARAS
                                                            United States District Judge