UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID GIBSON,

                    Plaintiff,

        -v-

MOUNT VERNON MONTEFIORE HOSPITAL
EXECUTIVE DIRECTOR; DR. MARIE
SAMUELS; DR. GAETAN ZAMILUS; DR.
JANICE WOLFRIEDMAN,

                    Defendants.

22-CV-4213 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff brings this pro se Action, for which the filing fees have been paid. By Order dated November 28, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## I.  Discussion

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the Complaint until the Court reviewed the Complaint and ordered that the summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.

To allow Plaintiff to effect service on Dr. Gaetan Zamilus and Dr. Janice Wolfriedman through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service Defendants.

If the Complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the Action if Plaintiff fails to do so.

## II.  CONCLUSION

The Court further directs the Clerk of Court to issue summonses as to Defendants Gaetan Zamilus and Janice Wolfriedman; complete the USM-285 forms with the addresses for these Defendants; and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court further directs the Clerk of Court to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: April 25, 2023

White Plains, New York

KENNETH M. KARAS
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Gaetan Zamilus
   18 Strack Drive
   Beacon, NY 12508

2. Janice Wolfriedman
   18 Strack Drive
   Beacon, NY 12508