UNITED STATES Southern District Court

1 of 9

David Gibson

v.

Mount Vernon Executive Director Etc. Al

22-CV-4213 KMK

Movment

Memorandum of law Response defendant Motion to dismiss

(To The Defendants Mount Vernon Executive Director)(Deny/Affirming All Allegation,) Supervisory liability, 14th Amendment violation. Discriminary Plantiff ("OBJects") Ashcroft v. Iqbal Supreme Court of United States May 18, 2009 556 U.S.662 129 S.Ct. 1937; 173 L.Ed. 2d 868. Bell Atlantic corp v. Twombly (2007). (Government official CAN BE ARE ARE liable) IF (A) "Knew OR should have known A unconstitutional violation could. OR was going on(B) CREATED A Policy, were a unconstitutional Act Occurred.

2 In Plantiff Case 22-cv-4213 KMK Doc. 1 Is on 1 Pag. (Please See). On 12-17-21 Plantiff was escorted to "MVMH". (Were He attempted to Refuse. Security staff with Medical Doctor's Informed. Plantiff, He Had See GMH Social Workers.)

But There Wasn't One there! Mount Vernon Executive. (Allowed This Policy)

A. Due the Defendant Have A Policy for Positenzo Who Arive Sucidul attempts. Due They Have A (MVMHD) Mental Health Socail worker? On 12-17-22 Plantiff (Stuck A Metal Foriyn Object in His PRIVATE AREA) AFTER A Illigal Affair He Had with A Correctional Offical Nurse. ("PREA Complaint 22-cv-1122 KMK)

3. Were Defendants Affirm to 14th Amendment violation "Object" On 12-18-22 "Plantiff Swallowed A Five inch sporK" went to "MVMH", Were He Informed Doctor Marie Samuels, He, did not Feel Safe Getting Anothing Surgurey. At "MVMH" Can He be Transfered to.... Westchester medicyl. Due To Plantiff PREA And Pariniost. (Not in A Rite Montal Mind Setting) "Plantiff Told Doctor Marie Samuels Goverment Officals Would leave him for Dead ("Homosucial'l Thoughts") Doctor Marie Samuels Dischurged Plantiff. ONLY After Assurring Him He'd Go to Westchester medical He Never enforced (A Due "MVMHED" Have A Policy for Sucidul Patients) [B If MVMH has a Policy. OR Due They Have a Socail Worker?) (Hernandez v. Keyne May 18, 2005 2nd cir) 4 To Prove A Defendant Is Guilty, Of There has be A tangible connection Were The Defendants Deny and Affirm 14th Ammendment Deliborate indifference Plantiff (Objects)

12-18-22 Doctor Marre Samuels (Violated Hospital Policy? (OR MVMHED Didn't have A Mental Health Social Worker) To Call?

4 In Ashcroft the Second Cir said: "Quoting" A Supervisor can't be held liable, for the actions of there agents. In Plantiff Case The Defendant "MVMHED". Is not Being Accused of Being Deliberate indifference to Plantiff Medical needs. But for M.V.M.H.D (Should have Known A Constitutional Act Could occur or did know. But did not Remdy it. Because As Executive Director Arranging. A Policy And Hirring a Social work or Doctor Available Fail In the Executive Branch.

5 A) Due The Defendunt have a policy for Paitents who are suical?
B) If They due have a Policy? Due they Have a Mental Health Social Worker
C) On 12-18-22 When Doctor Marre Samuels Release Plantiff. After Making a less constroe Decision Did The Defendunt follow the Policy?
D Does MVMH Have a O.M.H 24/7?

Deliberate Indifference DR. Marre Samuels 12-18-22. Plantiff Swalbwed A five inch Spork Went to M.V.M.H, Informed Stuff He had a Affair

with. A Correctional Medical Employee Please see Related Case (22-cv-1122 KMK) (Hathaway v. Coughlin 1,2,3) Chance v. Armstrong 143 F.3d 698 (2d Cir. 1998) Deliberate indifference Is more Criminal wrecklessness. But for DR. Marie Samuels. Misleading Plantiff.

6. When A Defendant makes a less concise Decision. And chooses a less efficious Route" (Williams v. Vincent 2nd Cir December 30, 1974) Were the Defendant DR. Marie Samuels on 12-18-22 After being informed by Plantiff About his Affair and. He was in A Delusional mind set Allowed Plantiff to Go were Defendant Deny him medical.

6. Were the Defendants Affirm medical Deliberate Indifference. Plantiff "OBJects"

The Defendant Doctor Marie Samuels. Made A. less concise Decision. By Releasing Plantiff With out seeing Mental Health Social Worker A But for Mount vernon Executive Director ("Administration Is Responsible for Employeement outside (contract And Branches Such as Office Mental Health") TANGible Connection (Hernandez v. Keane) 341 F.3d 137 (2nd cir Aug 20, 2003) (Dr. Samuels could not call A Social Worker If There was not one?)' The Defendant "NUMED"

Is The Head of Administration, If "MVMH" did not Have A "OMH" Branch or didn't have on close then 25 miles. Is A Policy for Suicidal Patients?

To were the Defendant Compare 9:22-CV-0270 GTS/ATB To 22-CV-4213, UNDER Hathaway 111,111 The St. Elizabeth Medical Center Executive Director. Was 1 out of 20 defendants. That were Seperated Please See Doc.19:22-CV-0270. The 6 "S.D.N.Y". Defendants Were Transfered And Never Judged. or Appealed to 2nd Cir.(The ST.E.M.H. "ST. Elizabeth" Executive Director is not in control other doctor or etc. Employees. Un-Constitutional acts.) (To Were Unlike in 22-CV-4213. The Mount Vernon Montifore Executive Director Is Responsible over Positions, And Executive Decision) ("Such As Knowing There Should Have Mental Health Social Worker 24/7) (OR Within 25 miles) (There was No Mental Health For Doctor Marie Samuels To (CAll) But for The "MVMHED" Defendants' Negligence (the TANGible Connection) to the Defendant Motion to Dismiss Plaintiff Objects.

The Two Roles of Such DR. Samuels Delibrate indifference And MVMHED Supervisor Inability Oversee The OMH Employment. Plaintiff Asks to Proceed To Discovery.

05/9/23