UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID GIBSON,

                      Plaintiff,

    v.

MOUNT VERNON MONTEFIORE
HOSPITAL EXECUTIVE DIRECTOR,
*et al.*,

                      Defendants.

No. 22-CV-4213 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

On March 19, 2024, the Court issued an Opinion & Order dismissing Plaintiff's Complaint without prejudice and giving him thirty days to file an amended complaint. (Opinion & Order ("MTD Op.") 30 (Dkt. No. 62).) In that Opinion & Order, the Court warned that "if Plaintiff fails to abide by the thirty-day deadline, his claims may be dismissed with prejudice." (*Id.*) On March 21, 2024, the Clerk of Court mailed a copy of the Opinion & Order to Plaintiff's address. (*See* Dkt. (entry for Mar. 21, 2024).) As of the date of this Order, Plaintiff has not filed an amended complaint. (*See generally* Dkt.)

On April 29, 2024, the Court issued an Order directing Plaintiff to "show cause, by no later than May 29, 2024, as to why this case should not be dismissed for failure to prosecute." (*See* Order to Show Cause 1 (Dkt. No. 63).) The Court made clear that it "may dismiss this case without further notice in the event that good cause is not shown." (*Id.*) The Clerk of Court mailed the Order to Show Cause to Plaintiff's address on April 30, 2024. (*See* Dkt. (entry for Apr. 30, 2024).) To date, Plaintiff has not responded to the Court's Order to Show Cause. (*See generally* Dkt.)

This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)); *accord Bradley v. Markel Serv., Inc.*, No. 22-CV-8928, 2023 WL 7624771, at *1 (S.D.N.Y. Nov. 14, 2023).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)); *accord George v. County of Westchester*, No. 20-CV-1723, 2023 WL 6466001, at *1 (S.D.N.Y. Oct. 3, 2023). The Second Circuit has further cautioned, "pro se plaintiffs should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209 (italics omitted) (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning." *George*, 2023 WL 6466001, at *1 (quoting *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008)).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to

2

>be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209); *accord Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam); *McCray v. Lee*, No. 16-CV-1730, 2023 WL 7112707, at *1–2 (S.D.N.Y. Oct. 27, 2023). No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *see also Nita v. Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994) (same).

The Court concludes that these factors all weigh in favor of dismissal of this Action. Although Plaintiff was granted thirty days to amend his Complaint in March 2024, (*see* MTD Op. 30), he has failed either to do so or to otherwise contact the Court, (*see generally* Dkt.) The Court warned Plaintiff that failing to file an amended complaint within thirty days could result in the dismissal of this case. (MTD Op. 30.) Further, Plaintiff has also failed to respond to the Court's April 29, 2024 Order directing that he show cause as to why this case should not be dismissed for failure to prosecute, (*see generally* Dkt.), which likewise warned that the Court could dismiss the case in the absence of a response from Plaintiff, (Order to Show Cause 1).

In addition, the Court concludes that no sanction less than dismissal will alleviate the ongoing prejudice to Defendants of continuing to keep this Action alleging serious constitutional violations open. *See Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008) (per curiam) ("[I]n light of [the plaintiff's] failure to respond to the notice threatening dismissal, it is . . . unclear that a 'lesser sanction' would have proved effective in this case."); *see also Waters v. Camacho*, 288 F.R.D. 70, 71–72 (S.D.N.Y. 2013) ("The sanction of dismissal without prejudice . . . complies with the fifth factor, considering the efficacy of lesser sanctions."). Finally, the Court emphasizes that it needs to avoid calendar congestion and, more importantly,

3

to ensure an orderly and expeditious disposition of all cases before it. Thus, although "[t]he Court affords [Plaintiff] special consideration as a pro se litigant[,] . . . a plaintiff's pro se status should not explain or excuse disregard for or abandonment of his own lawsuit." *Hardimon*, 2014 WL 2039116, at *2 (italics omitted); *see also Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case").

Accordingly, this Action is dismissed without prejudice for failure to prosecute. *See Turk v. Rubbermaid Inc.*, No. 21-CV-270, 2022 WL 1228196, at *1 (S.D.N.Y. Apr. 26, 2022) (dismissing case where the court had provided the plaintiffs with thirty days to file an amended complaint, but the plaintiffs failed to do so); *see also Wood v. Byrd*, No. 16-CV-8142, 2021 WL 4311346, at *2 (S.D.N.Y. Sept. 21, 2021) (dismissing case for failure to prosecute after the plaintiff failed to comply with three separate orders to file an amended complaint, even after the court granted extensions of time); *Herring v. Kiszke*, No. 20-CV-8765, 2021 WL 3887614, at *1 (S.D.N.Y. Aug. 31, 2021) (dismissing case for failure to prosecute where "[the] [p]laintiff . . . failed to comply with [the court's orders] and ha[d] not communicated with the [c]ourt" in four months); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiff for nearly two months).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff's address, and to close this case.

4

SO ORDERED.

Dated: May 31, 2024
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge